**Date Signed:**
**June 5, 2014**




**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re DAVID HUNG CHUNG CHU and SU CHING FONG CHU,<br><br>Debtors. | Case No. 12-00986<br>Chapter 7 |
| ELIZABETH A. KANE,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID HUNG CHUNG CHU and SU CHING FONG CHU,<br><br>Defendants. | Adv. Pro. No. 13-90056<br><br><br><br><br><br><br><br>Re: Docket No. 16 |

**MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

The trustee seeks summary judgment denying the debtors' discharge. She alleges that the debtors fraudulently transferred assets prior to the bankruptcy and have failed to provide a satisfactory explanation for their loss of assets. Although the debtors' prepetition conduct was far from admirable, I must deny the motion for

summary judgment.

## I. JURISDICTION

The bankruptcy court has personal and subject matter jurisdiction. It also has statutory and constitutional authority to enter a final judgment.

## II. BACKGROUND

On May 6, 2012, the debtors filed for chapter 7 bankruptcy. For our purposes, the events preceding the bankruptcy are material.

### A. Pearl and Coral, Ltd. Transfer

Debtor Su Ching Fong Chu (aka Jean Chu) owned a 64% interest in Pearl and Coral, Ltd. (P&C). During the years before bankruptcy, Ms. Chu made several transfers to the company totaling $892,997.00. On her bankruptcy schedules, Ms. Chu valued her stock in P&C at $0, because the corporation's assets were worth less than its liabilities, but she disclosed that P&C owed her a "liquidated debt" with a current value of $892,997.00. The trustee maintains that Ms. Chu's transfers to P&C were loans, because Ms. Chu listed them as such in her bankruptcy schedules and because P&C's tax returns and financial statements categorized them as such. Ms. Chu now contends that her transfers may have been capital contributions and not loans.

Just seven days before Mr. and Mrs. Chu filed bankruptcy, Ms. Chu signed an agreement to sell substantially all of the assets of P&C to Chu Pacific LLC, a limited



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 2 of 11

liability company of which Ms. Chu was manager and Ms. Chu's son was owner.[1] Under the agreement, Chu Pacific agreed to assume most of P&C's liabilities (amounting to $1,553,116.57), including its liabilities to some of its past or present shareholders, but not any liability the company owed to Ms. Chu. Chu Pacific's assumption of some of P&C's debt was the only material consideration for the sale.

The parties dispute the value of P&C. The trustee argues, based on its financial statements, that the company was worth over $1.3 million. But Ms. Chu believes the company was worth much less, due in no small part, to the low quality of its inventory. In her opinion, the company was worth $500,000 or less.

**B. Kahuku Property Transfer**

In 2001, Ms. Chu bought a property in Kahuku for $600,000. On February 7, 2012, about three months before the debtors filed for bankruptcy, Ms. Chu transferred the Kahuku property to her sons, Alan and Eric Chu. The terms of the deal were that Alan and Eric would pay $5,000 in cash and assume a debt of Ms. Chu (or P&C) to Shu-Yuan Pai. (Ms. Pai is a long-time friend of Ms. Chu who, according to P&C's tax return, owns ten percent of the stock of P&C.[2]) Alan and Eric agreed to make monthly payments of $2,000 to Ms. Pai until the $400,000 was paid in full.

After the trustee sued them, Alan and Eric returned the property to the trustee,

---

[1] Dkt. 17 at 34, 36.

[2] Dkt. 17 at 23.



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 3 of 11

but not the rents they received. The trustee has already sold the property for $710,000.

The trustee filed this adversary proceeding to deny both debtors a discharge under 11 U.S.C. § 727(a). She now moves for summary judgment.

## III. Standard.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[3] Summary judgment should be granted against a party "'who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[4]

## IV. Discussion

### A. Section 727(a)(2).

Under section 727(a)(2)(A), the bankruptcy court may not grant a discharge if the debtor transferred "property of the debtor" within one year before she filed for bankruptcy with the intent to hinder, delay, or defraud creditors.[5] Courts construe section 727 "'liberally in favor of debtors and strictly against parties objecting to

---

[3] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

[4] *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

[5] 11 U.S.C. § 727(a)(2)(A).

discharge.'"[6] The trustee's reasons for objecting to discharge "'must be real and substantial, not merely technical and conjectural.'"[7]

**1. P&C Transfer.**

The trustee argues that Ms. Chu acted with the intent to hinder, delay, or defraud her creditors when she caused P&C to sell most of its assets to Chu Pacific. This raises the question: what is "property of the debtor" for purposes of section 727(a)(2)(A)?

Under Hawaii law, the general rule is that a corporation and its shareholders are treated as distinct legal entities.[8] Corporations have the same power as individuals to own property.[9] Courts may disregard the corporate form and pierce the corporate veil "where recognition of the corporation fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim."[10]

Most courts conclude that "property of the debtor" under section 727 does

---

[6] *Retz v. Sampson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir.1996)).

[7] *Commerce Bank and Trust Co. v. Burgess (In re Burgess)*, 955 F.2d 134, 137 (1st Cir. 1992) (quoting *Dilworth v. Boothe*, 69 F.2d 621, 624 (5th Cir.1934)).

[8] *Chung v. Animal Clinic*, 63 Haw. 642, 645 (Haw. 1981).

[9] Haw. Rev. Stat. § 414-42(4).

[10] *Id.*



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 5 of 11

not include property of a corporation the debtor controls,[11] unless the court should pierce the corporate veil and disregard the corporate form.[12]

The Ninth Circuit's decision in *Retz* suggests that a transfer of "property of the debtor" can occur when the debtor orchestrates a sale of assets by a limited liability company which the debtor and his family controls.[13] It is not clear that these statements are binding precedent. The court of appeals noted that the debtor had raised the point in a single sentence in one of his briefs, and there were many other independently sufficient grounds for denial of discharge. Further, holding that "property of the debtor" includes "property of a separate legal entity partly owned by the debtor" is hard to reconcile with the plain language rule of statutory interpretation and the basic rule that section 727 must be read strictly and narrowly in favor of the debtor. In light of the uncertain precedential effect of *Retz* and both parties' failure to discuss the case, I decline to decide the issue at this time.

In any event, there is a further question about Ms. Chu's intent.

Much of the evidence supports the trustee's argument that Ms. Chu intended to hinder, delay, or defraud her creditors. Her financial condition was poor: her

---

[11] *See, e.g., Cambridge Tempositions, Inc. v. Cassis (In re Cassis)*, 220 B.R. 979, 983-84 (Bankr. N.D. Iowa 1998); *see also MCorp Management Solutions, Inc. v. Thurman (In re Thurman),* 901 F.2d 839, 841 (10th Cir. 1990)*; see also Northeast Neb. Econ. Dev. Dist. v. Wagner (In re Wagner)*, 305 B.R. 472, 475-76 (B.A.P. 8th Cir. 2004).

[12] *Cassis,* 220 B.R. at 984.

[13] *Retz*, 606 F.3d at 1204 n.10.

business was doing badly, a large judgment had been entered against her, and very soon after the transfer she filed her bankruptcy petition. The transferee was a company which her sons owned and she managed. She has admitted that she intended to benefit parties with whom she had long-standing business relationships and friendships. Neither she nor P&C received any significant cash consideration for the sale. At about the same time, she transferred a valuable piece of real estate to her sons for almost no cash consideration. This testimony and consistent pattern of conduct strongly suggests that she intended to keep assets out of the hands of some of her creditors.

On the other side, Ms. Chu testifies that she did not intend to defraud her creditors, but rather wanted to make sure that some favored creditors got paid. An intent to prefer one creditor over others is not necessarily the same as an intent to hinder, delay, or defraud creditors.[14] Ms. Chu's testimony is barely sufficient to defeat summary judgment.

Therefore, the trustee's motion for summary judgment based on the P&C transfer is denied.

**2. Kahuku Transfer.**

There is no question that the transfer of the Kahuku property was a transfer of

---

[14] *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 307 (11th Cir. 1994); 6 Collier on Bankruptcy ¶ 727.02[3][c] (16th ed. 2014).



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 7 of 11

property of the debtor. The question of Ms. Chu's intent remains.

The circumstantial evidence described above also indicates Ms. Chu's fraudulent intent. In addition, it is clear that she sold the Kahuku property to her sons for less than it was worth. The sons promised to pay $405,000, but the trustee was able to sell the same property a relatively short time later for $710,000, about seventy percent more.

Ms. Chu testifies that she did not intend to defraud her creditors, but rather wanted to make sure that a debt to Ms. Pai–an old friend–got paid. I may or may not believe Ms. Chu's testimony at trial, but it is sufficient to defeat summary judgment.

**3. Mr. Chu**

The trustee argues that Mr. Chu should be denied a discharge because he did not stop his wife from transferring the assets and because he may have benefitted from the transfers.

The debtors argue that the court should grant Mr. Chu summary judgment because there is no evidence that he had anything to do with his wife's actions. But section 727(a)(2) applies, not only to debtors who have transferred property, but also to debtors who have "permitted" transfers to occur. Therefore, the fact that Mr. Chu did not sign the deed of the Kahuku property or the agreement to sell the P&C assets is not necessarily determinative.

The statute still requires, however, that the transferred property be "property



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 8 of 11

of the debtor." There is no evidence that Mr. Chu had any interest in P&C or the Kahuku property.

There is no statutory support for the contention that a debtor should be denied a discharge merely because he may have benefitted from his spouse's conduct in contravention of section 727.[15]

Therefore, the trustee is not entitled to summary judgment against Mr. Chu under section 727(a)(2).

**B. Section 727(a)(5).**

The court must deny discharge if the debtor has failed to satisfactorily explain "any loss of assets or deficiency of assets to meet the debtor's liabilities[.]"[16]

I will deny the trustee's motion under this section because the debtors have provided all the information needed to explain the loss or deficiency of assets.

The trustee argues that the debtor must "satisfactorily explain how the Shareholder Loan could have lost its value, and now be uncollectible, as a result of

---

[15] The Supreme Court has recently reminded bankruptcy courts to follow the statutory text. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) ("[I]n exercising . . . statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions."); *see also Gannett v. Carp (In re Carp)*, 340 F.3d 15 (1st Cir. 2003) (holding that a spouse is not necessarily an agent of the debtor); *see also First Tex. Sav. Ass'n, Inc. v. Reed (In re Reed)*, 700 F.2d 986, 993 (5th Cir. 1983) (holding that knowledge of prohibited activities is not necessarily the same as fraudulent intent and that "the Code does not allow attribution of intent from spouse to spouse."). *Compare Sachan v. Huh (In re Huh)*, 506 B.R. 257 (B.A.P. 9th Cir. 2014) (en banc) (for purposes of section 523(a)(2), an agent's fraud is not imputed to the principal unless the principal knew or should have known of the fraud).

[16] 11 U.S.C. § 727(a)(5).



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 9 of 11

the transfer of assets of [P&C] . . . ."[17]

The debtors have explained what happened to their assets. P&C transferred most of its assets to Chu Pacific and Ms. Chu transferred the Kahuku property to her sons. There is no indication that the debtors have withheld any information about what happened.

The question is whether the explanation is satisfactory. At a minimum, a "satisfactory" explanation must say what actually happened to the assets and must be believable.[18] The further question is whether a "satisfactory" explanation must convince the court that the debtor's disposition of assets was proper. Most courts hold that this is not the correct definition:

> Section 727(a)(5) does not require that the explanation itself be meritorious, or that the loss or other disposition of assets be proper; it only requires that the explanation satisfactorily account for the disposition. [19]

---

[17] Dkt. 24, at 13.

[18] *In re Retz*, 606 F.3d 1189 (9th Cir. 2010) (debtor's explanation is not "satisfactory" where it fails to explain, among many other things, what the debtor did with large sums of cash, especially during a prebankruptcy spending spree); *In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985) ("The bankruptcy court found Cloyd Devers' story that the tractor had just vanished in his absence to be incredible. We find no evidence that the district court clearly erred in this determination."); *Baker v. Mereshian (In re Mereshian)*, 200 B.R. 342, 346-47 (B.A.P. 9th Cir. 1996) (section 727(a)(5) was not satisfied where a creditor claimed the debtor had owned a valuable watch but the evidence did not prove that he owned it or the time of his ownership).

[19] *In re Bodenstein*, 168 B.R. 23, 33 (Bankr. E.D.N.Y. 1994); *see also In re Mezvinsky*, 265 B.R. 681, 690 (Bankr. E.D. Pa. 2001) ("for the purposes of a § 727(a)(5) inquiry, the court is not concerned with whether the disposition of the assets was proper under the Bankruptcy Code, but rather only whether the explanation satisfactorily describes what happened to the assets.")



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 10 of 11

This definition of "satisfactory" is consistent with the basic principle that section 727 must be interpreted in favor of the debtor. Adopting a broader interpretation, under which the debtor would have to explain convincingly that the dispositions were proper, could create conflicts among the subsections of section 727: conduct which is within the scope of other subsections, but would not result in a denial of discharge under those subsections, could nonetheless cost the debtor her discharge under section 727(a)(5).[20]

Ms. Chu has thoroughly explained what she did with her and P&C's assets. One may not approve of what Ms. Chu did, but she has given a satisfactory explanation of what she did.

## V. CONCLUSION

The trustee's motion for summary judgment is denied.

**END OF DECISION**

---

[20]Suppose a debtor testified that she transferred property one year and one day before the petition date and admitted that she did so for the purpose of defrauding her creditors. Section 727(a)(2)(A) deals with prepetition property transfers, but would not result in a denial of discharge because the transfer occurred too long before the bankruptcy. The broader interpretation of section 727(a)(5) could result in a denial of discharge if the bankruptcy court did not find the admission of fraudulent intent "satisfactory."



U.S. Bankruptcy Court - Hawaii #13-90056 Dkt # 32 Filed 06/05/14 Page 11 of 11